# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MARIA CASTLE,**

    Plaintiff,

v.                                                 **CIVIL ACTION NO.: 3:16-CV-18 (GROH)**

**JOHN DOE and**
**WAL-MART STORES EAST, LP,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

Currently pending before the Court is the Plaintiff's Motion to Remand [ECF No. 5], filed on March 10, 2016. On March 24, 2016, Defendant Wal-Mart filed its response, and on April 1, 2016, the Plaintiff filed her reply. For the following reasons, the Court **GRANTS** the Plaintiff's Motion to Remand and accordingly **REMANDS** this proceeding to the Circuit Court of Berkeley County, West Virginia.

### I. Background[1]

On January 12, 2016, the Plaintiff filed her complaint in the Circuit Court of Berkeley County, West Virginia. The Plaintiff alleges that on September 12, 2015, she was pushing a cart through one of the aisles in a Wal-Mart located in Martinsburg, West Virginia. At that time, her four-year-old son was in the cart and she was also eight and one-half months pregnant. While pushing the cart, the Plaintiff claims that she slipped on a "gooey substance" on the floor. ECF No. 1-2 at 6. She attempted to steady herself by

---
[1] The facts contained in this section are derived from the Plaintiff's complaint and motion to remand.

holding onto the cart, but it fell on top of her while her son was still in it. Because she was eight and one-half months pregnant, she went to the emergency room to make sure that her unborn child was not harmed. There is no evidence that the Plaintiff's four-year-old son or unborn child suffered physical injury. In her complaint, the Plaintiff asserts violations of the standard of care by Wal-Mart and an unknown employee, John Doe. The Plaintiff claims that the Defendants failed to exercise reasonable diligence because they knew or should have known of the spill and failed to clean it up or, at the very least, provide an adequate warning. The Plaintiff avers that as a result of the Defendants' negligence, she incurred medical expenses in excess of $3,944.00 and suffered pain, humiliation, loss of the ability to enjoy life and other damages. ECF No. 1-2 at 6. On page three of her complaint, the Plaintiff also claims future medical expenses.[2] ECF No. 1-2 at 7.

On February 16, 2016, Wal-Mart removed the case to this Court based on diversity jurisdiction. Following removal, the Plaintiff filed a motion to remand, which is now before the Court. In her motion, the Plaintiff asserts that Wal-Mart fails in its attempt to establish both the amount in controversy and diversity requirements of 28 U.S.C. § 1332. Furthermore, the Plaintiff avers that Wal-Mart removed the above-styled action in bad faith, and thus sanctions should be awarded. In its response, Wal-Mart contends that the Plaintiff's claims are in excess of the required amount in controversy as evinced by her refusal to sign a binding stipulation limiting her award of damages to $74,999.99.[3] Wal-

---

[2] Although the Plaintiff mentions future medical expenses on page three of her complaint, it is devoid of any facts supporting an award of future damages. The Court discusses this issue in greater detail in footnote six.

[3] Upon review of the proposed stipulation, the Court is compelled to articulate the standard set forth in 28 U.S.C. § 1332. For diversity jurisdiction, the amount in controversy must be *greater than* $75,000.00. Thus, the minimum amount required for jurisdiction pursuant to § 1332 is $75,000.01.

Mart also argues its citizenship is diverse from the Plaintiff's, and contends that the citizenship of its unnamed and unknown employee, John Doe, is disregarded pursuant to 28 U.S.C. § 1441(b)(1).[4] In her reply, the Plaintiff claims that she seeks only past medical expenses, and states that the inclusion of future damages on page three of her complaint is the result of a typographical error. The Plaintiff submits that she "has not and will not seek future medical expenses in this case, because there are none." ECF No. 9 at 2. The Plaintiff avers that her purported damages fall woefully short of the amount required for federal diversity jurisdiction and that Wal-Mart's calculations are dishonest and exaggerated.

## II. Applicable Law

### A. Removal Based on Diversity Jurisdiction

A case may be removed to federal court if original jurisdiction over the plaintiff's claims exists. 28 U.S.C. § 1441(a). The party seeking removal has "[t]he burden of establishing federal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). Courts strictly construe removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). Thus, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151 (first citing In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); then citing Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

---

[4] Section 1441(b)(1) provides, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity, meaning that the citizenship of each plaintiff must be diverse from the citizenship of each and every defendant. Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). If the plaintiff "'does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000].'" Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (alteration in original) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). A plaintiff's settlement demand, although not dispositive, is evidence of the amount in controversy. See Contraguerro v. Hall, Civil Action No. 5:06CV150, 2007 WL 1381394, at *2 (N.D. W. Va. May 8, 2007) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)). Importantly, a plaintiff's refusal to sign a stipulation limiting her ability to collect damages in excess of $75,000.00 "does not establish the requisite amount in controversy." Id. (citing Gramc v. Millar Elevator Co., 3 F. Supp. 2d 1082, 1084 (E.D.Mo. 1998)).

### B. Awarding Costs for Improper Removal

A party opposing removal may be awarded actual expenses and attorney fees "incurred as a result of [an improper] removal." See 28 U.S.C. § 1447(c); ITT Indus. Credit Co. v. Durango Crushers, Inc., 832 F.2d 307, 308 (4th Cir. 1987). However, because courts have limited authority to award fees for improper removal, ITT Indus. Credit Co., 832 F.2d at 308, costs should be awarded only in circumstances where a "party lacked

an objectively reasonable basis" for removing the case, Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

### III. Discussion

The complaint does not set forth a total monetary amount of damages. Thus, Wal-Mart must demonstrate, by a preponderance of the evidence, that the Plaintiff's alleged damages are in excess of $75,000.00. See Francis, 709 F.3d at 367. Wal-Mart's argument in support of diversity jurisdiction is essentially that because the Plaintiff refuses to sign an agreement stipulating that she will not seek or accept an amount greater than $74,999.99, her claims must be over the jurisdictional amount. However, plaintiffs are under no obligation to sign a stipulation of damages in order to avoid removal. See, e.g., Barbuto v. Advantage Sales and Mktg., LLC, Civil Action No. 1:15-cv-13574-IT, 2015 WL 8041343, at *2 (D. Mass. Dec. 4, 2015). Furthermore, a plaintiff's refusal to sign a stipulation limiting her ability to collect damages in excess of the jurisdictional amount does not, in and of itself, establish the amount required for diversity jurisdiction. See Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001); Contraguerro, 2007 WL 138139, at *2. At most, it may be one factor, among others, to consider in determining whether a defendant has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. See Schillaci v. WalMart, No. 2:12-cv-01127, 2012 WL 4056758, at *2 (W.D.Pa. Sept. 14, 2012); Roxby v. Nationwide Mut. Ins. Co., Civil Action No. 5:12CV61, 2012 WL 2742959, at *4 (N.D. W. Va. July 9, 2012). Therefore, the mere fact that the Plaintiff in this case refused to sign a stipulation is not enough for the Defendant to overcome remand.

Moreover, the substance of the complaint supports remand. Although a claim for future medical expenses is advanced under count two, the complaint is devoid of any factual allegations that support an award of future damages.[5] There are no facts suggesting that the Plaintiff's unborn child was harmed as a result of the slip and fall. There are no facts alleging ongoing doctor visits. There are no facts claiming permanent physical injury, or even temporary physical injury aside from pain. There are also no facts suggesting a possible award of punitive damages. The only dollar amount contained within the complaint is $3,994.00 in past medical expenses—a figure exceedingly shy of the $75,000.01 requirement. Simply put, the complaint fails to present any facts that would warrant an award of damages even remotely close to the jurisdictional minimum. Additionally, the Plaintiff has made two settlement demands in this case—both of which are less than half of the amount required for diversity jurisdiction. Common sense dictates that initial settlement demands made by plaintiffs are typically inflated to allow room for bargaining. Thus, in this case, the Plaintiff's settlement demands of $37,500.00 and $36,500.00 likely overstate her damages.

Upon careful review of the record, the Court finds that Wal-Mart has failed to prove, by a preponderance of the evidence, that the amount in controversy for diversity jurisdiction is satisfied. Because the jurisdictional amount is lacking, the Court will not

---

[5] Generally, the Plaintiff alleges $3,994.00 in past medical expenses and requests further compensation for her "pain, suffering, humiliation, loss of [the] ability to enjoy life, and other damages." ECF No. 1-2 at 6-8. In count two, the Plaintiff sets forth an additional claim of damages for "future medical expenses." ECF No. 1-2 at 7. In her reply in support of remand, the Plaintiff avers that the inclusion of future damages in count two is a typographical error and declares that she "has not and will not seek future medical expenses in this case." ECF No. 9 at 1-2. However, because the Plaintiff raised these arguments subsequent to Wal-Mart's notice of removal, the Court disregards them. See Marshall v. Kimble, Civil Action No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) (opining that, when determining whether removal is proper, the court looks to facts existing at the time of removal). Nevertheless, despite a reference to future damages, the Court finds Wal-Mart's argument in support of removal deficient.

conduct an analysis on the diversity of citizenship requirement as it pertains to this case. Finally, although the Court finds removal in this case inappropriate, the Court does not find Wal-Mart's argument in support of removal so bereft of logic that an award of costs to the Plaintiff is warranted.

### IV. Conclusion

Accordingly, the Court **GRANTS** the Plaintiff's Motion to Remand [ECF No. 5] and **ORDERS** that this case be **REMANDED** to the Circuit Court of Berkeley County, West Virginia.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to the Circuit Court of Berkeley County, West Virginia.

**DATED:** May 6, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE